HAGAN ET AL. *vs.* LEVERICH.

HAGAN ET AL.
vs.
LEVERICH.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

An insolvent debtor, even in actual custody, who applies for the benefit of the insolvent laws, *relating to voluntary surrenders*, and none of his creditors attend or make any opposition to the proceedings, he is thereby discharged.

So, where a debtor, in the prison limits made a cession, and claimed the benefit of the law relating to *voluntary surrenders* of property, and the judgment creditor, with others, appeared before the notary, without making objection or opposition to the proceedings being had under this law as inapplicable to the case, it was considered a waiver on their part, and the debtor was discharged, together with his surety, in the prison limits bond.

This is an action on a prison limit bond against the surety therein. The plaintiff having obtained a judgment for the sum of eight hundred and fifty-three dollars and sixty-seven cents, against one N. M. Riker, he was arrested on a *capias ad satisfaciendum*, and gave a bond for the prison limits with James H. Leverich as his surety. While in the prison bounds, he presented his schedule and petition, and applied to the District Court for the benefit of the insolvent laws *relating to voluntary surrenders*. The district judge accepted the surrender, ordered a stay of proceedings, and that a meeting of the creditors of the insolvent take place before a notary.

The plaintiffs and several other creditors attended, verified their claims, charged the insolvent with making a fraudulent surrender, and acting fraudulently towards his creditors, and denied to him the benefit of the insolvent laws.

The proceedings were closed before the notary the 4th of June, 1835, and returned into court on the 6th of the same month. On the 15th June an opposition was filed by Vance and others, and at the foot the attorney of absent creditors joined in it on their behalf. The plaintiffs made no opposi-

9

tion in court, and about the begining of January, following, Riker left the prison bounds without any further proceedings or order of court. On the 5th March, 1836, the plaintiffs instituted this suit.

The defendant pleaded a peremptory exception in discharge, in which he averred that Riker was discharged by operation of law, there being no opposition by the plaintiffs.

On this issue the case was tried before the court.

It was admitted that Riker left the prison limits without any further order, after the return of the proceedings had before the notary, into court.

The plaintiffs had judgment for the amount of their claim, from which the defendant appealed.

*Curry* and *Reynolds*, for the plaintiffs, maintained that the insolvent proceedings in the case of Riker against his creditors relied on as a discharge, are null and void, because the debtor being in *actual custody*, he could not invoke the law of 1817, relating to voluntary surrenders. The very first line of that act shows that it had no application to his case. It says *" that every individual who shall not yet have been imprisoned for debt, &c."* shall be entitled to its benefits, &c. 2 *Moreau's Digest*, 424.

2. The insolvent could only have been discharged from *confinement* under the act of 1808, which is expressly made for debtors who have been imprisoned. But then, if there be a presumption of fraud, or he is charged therewith, the court cannot discharge him. In this case every creditor charged Riker with fraud before the notary. See *act of* 1808, *section* 1 *and* 6. 2 *Moreau's Digest*, 567, 569.

3. We deny that the court could have done more than release Riker from confinement, without the consent of, or contradictorily with his creditors. It could not discharge the obligation contracted by the surety in the prison bond, any more than it could discharge the debtor from all his debts.

4. But in this case Riker departed from the prison limits without the consent of the plaintiffs, or order of court, conse-

quently his bond is forfeited, and the surety *liable*. There is no discharge whatever in the record.

*Lockett*, for the defendant, contended that the fact of the plaintiffs having attended a meeting of the creditors of Riker before the notary, and allowed the proceedings to be returned into court without objection, or making any opposition thereto, that they were homologated, and the debtor *discharged by operation of law.* See *act of* 1817, *section* 17 *and* 18. 2 *Moreau's Digest*, 424. *Caldwell* vs. *Bloomfield, 2 Louisiana Reports,* 503. *Louisiana Code,* 2172.

2. The debtor being discharged *by operation of law*, from confinement and *imprisonment*, the defendant was discharged from his obligation in the prison limits bond sued on.

*Martin, J.*, delivered the opinion of the court.

The defendant is appellant from a judgment against him as surety on a *prison bounds* bond, for one of the plaintiff's debtors, arrested on a *ca. sa.* The record shows, that while the debtor was in the prison bounds, he made a cession of goods to his creditors; many of them, amengst whom were the plaintiffs, appeared before the notary, without making any objection to the cession having been made while the insolvent was in *actual custody.* The proceedings on the cession were concluded, and the insolvent, in the meanwhile, went out of the prison bounds, and for this alleged breach of the condition of the bond, the present action was brought.

It appears to us, the Parish Court erred. This case is much stronger in favor of the defendant, than that of Caldwell *vs.* Bloomfield, 2 Louisiana Reports, 503, in which the court of the first district, and this, expressed their opinions, that the insolvent who had made a cession of his goods while he was in actual custody, was thereby discharged from imprisonment, none of his creditors having attended the meeting called before the notary. In the present case, several of the creditors, and the present plaintiffs among them, attended before the notary, and urged other objections to the cession than that which resulted from its having been made whilst the

An insolvent debtor, even in actual custody, who applies for the benefit of the insolvent laws, *relating to voluntary surrenders*, and none of his creditors attend or make any opposition to the proceedings, he is thereby discharged.

So, where a debtor, in the prison limits, made a cession, and claimed the benefit of the law relating to *voluntary surrenders* of property, and the judgment creditor, with others, appeared before the notary, without making objections or oppo-

EASTERN DIST.
*May*, 1837.

insolvent was in actual custody. This objection, evidently introduced for the benefit of the creditors, was clearly susceptible of being waived by them. In the case relied on from 2 Louisiana Reports, we held that it was waived by the silence of the creditors who neglected to appear before the notary. In the present case, the plaintiffs appeared before the notary, and forbore to urge this objection among those on which they relied. This was an evident waiver of it. The insolvent person was discharged by the legal surrender of his property.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that ours be for the defendant; with costs in both courts.